# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICHAEL HARPER, SUE HARPER, MELANIE JAQUESS, CHUCK SALLADE, AND MICHAEL MALONE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US, INC.,<br><br>Defendant. | No. 2:21-cv-01169-BJR<br><br>ORDER GRANTING DEFENDANT T-MOBILE US, INC.'S MOTION TO STAY PROCEEDINGS PENDING ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |

This matter comes before the Court on Defendant's Motion to Stay Proceedings Pending Action by the Judicial Panel on Multidistrict Litigation (JPML). Dkt. No. 20. For the reasons set forth below, the Court GRANTS Defendant's motion.

On October 29, 2021, the Court granted a similar motion to stay in the related case of *Daruwalla v. T-Mobile USA, Inc.*, No. 2:21-cv-01118-BJR (Dkt. No. 39). The parties' briefing on the pending motion in this matter raises similar arguments as those previously presented to the Court in *Daruwalla*. The Court grants Defendant's motion to stay in this matter for the same reasons that it granted the motion to stay in *Daruwalla*.

ORDER - 1

This case is one of many lawsuits brought by Defendant's customers following a data security breach. On August 23, 2021, the plaintiffs in *Daruwalla* filed a motion with the JPML seeking an order to transfer several similar cases, as well as any subsequently filed cases involving similar facts or claims, to this District for coordinated or consolidated pretrial proceedings. *In re T-Mobile Customer Data Sec. Breach Litig.*, MDL No. 3019, Dkt. No. 1. Defendant responded to the motion to transfer by proposing transfer to the U.S. District Court for the Western District of Missouri, while plaintiffs in several other cases have proposed transfer to different judicial districts. The JPML is scheduled to hear the motion to transfer on December 2, 2021.

Under these circumstances, the Court finds that this matter should be stayed in its entirety pending the JPML's ruling on the motion to transfer. Any delay arising from a stay is likely to be short, and Plaintiffs have not demonstrated that any significant prejudice would result from a short stay. A stay is also likely to conserve judicial resources, as well as the parties' resources, until the JPML decides whether (and if so, where) to transfer the dozens of similar cases for coordinated or consolidated pretrial proceedings.

Plaintiffs indicate that they do not oppose a limited stay of proceedings, but request that the Court allow Plaintiffs to serve discovery pursuant to Rule 26(d)(2) and direct the parties to negotiate a protective order, an ESI Order, and a deposition protocol pending a ruling by the JPML. The Court finds that Plaintiffs' proposal would not promote efficiency or conservation of resources because such matters would likely have to be revisited if the JPML orders the formation of an MDL.

ORDER - 2

Therefore, the Court ORDERS that this action is STAYED in its entirety until the JPML rules on the pending motion for transfer of actions for coordinated or consolidated pretrial proceedings.

Dated November 5, 2021.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 3